IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>On behalf and for the benefit of,<br><br>LGS GROUP, LLC<br>t/a LGS GROUP – BALTIMORE FRAMING and<br>LGS GROUP – S. CHARLOTTE FRAMING,<br><br>        Plaintiff,<br>v.<br><br>SAFECO INSURANCE COMPANY,<br>and<br>ODYSSEY INTERNATIONAL, INC.,<br><br>        Defendants. | Case No. 08-165-UNA |

## ANSWER

Defendants Odyssey International, Inc. ("Odyssey") and Safeco Insurance Company of America ("Safeco") (collectively "Defendants"), by and through their counsel, H. Burt Ringwood and James Kipp, hereby answer Plaintiff's Complaint as follows:

    1.    In response to Paragraph 1 of Plaintiff's Complaint Defendants state that Odyssey acted as the general contractor on the project known as the C-17 Flight Simulator, Dover Air Force Base, and subcontracted with LGS Group, LLC to perform some of the work at the project more specifically described in the Subcontract Agreement between Odyssey and LGS Group, LLC. Except for the aforesaid, Defendants deny the allegations of Paragraph 1 of Plaintiff's Complaint.

    2.    In response to Paragraph 2 of Plaintiff's Complaint Defendants admit that Plaintiff entered into a Subcontract Agreement with LGS Consulting, however, Defendants'

Subcontract is with LGS Group, LLC, a different entity from LGS Consulting. Except for the aforesaid, Defendants deny the allegations of Paragraph 2 of Plaintiff's Complaint.

3.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint and therefore deny the same.

4.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint and therefore deny the same.

5.  Defendants admit the allegations of Paragraph 5 of Plaintiff's Complaint.

6.  Defendants admit that Odyssey is a corporation organized pursuant to the laws of the State of Utah. Except for the aforesaid Defendants deny the allegations of Paragraph 6 of Plaintiff's Complaint.

7.  Defendants deny the allegations of Paragraph 7 of Plaintiff's Complaint.

8.  Defendants admit that Odyssey provided a payment bond issued by Safeco relating to the Dover Air Force Base project. Except for the aforesaid, Defendants deny the allegations of Paragraph 8 of Plaintiff's Complaint.

9.  Defendants admit that Odyssey entered into a Subcontract Agreement with LGS Group, LLC and not LGS Consulting, LLC. Except for the aforesaid, Defendants deny the allegations of Paragraph 9 of Plaintiff's Complaint.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint and therefore deny the same.

11.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore deny the same.

12.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint and therefore deny the same.

13.  Defendants deny the allegations of Paragraph 13 of Plaintiff's Complaint.

14.  Defendants deny the allegations of Paragraph 14 of Plaintiff's Complaint.

15.  Defendants deny the allegations of Paragraph 15 of Plaintiff's Complaint.

16.  Defendants deny the allegations of Paragraph 16 of Plaintiff's Complaint.

17.  Defendants deny the allegations of Paragraph 17 of Plaintiff's Complaint.

18.  In response to Paragraph 18, Defendants incorporate by reference their answers to Paragraphs 1 through 17 as though fully set forth herein.

19.  Defendants deny the allegations of Paragraph 19 of Plaintiff's Complaint.

20.  Defendants deny the allegations of Paragraph 20 of Plaintiff's Complaint.

21.  Defendants deny the allegations of Paragraph 21 of Plaintiff's Complaint.

22.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint and therefore deny the same.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim against Defendants upon relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff has a duty to mitigate damages. Should discovery evidence a failure on its part to do so, these answering Defendants reserve the right to assert failure to mitigate damages as a separate and affirmative defense.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part by the doctrine of accord and satisfaction.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are outside the scope of the Miller Act, because Plaintiff does not have a contract with LGS Group, LLC, the party to which Odyssey has a contract.

### FIFTH AFFIRMATIVE DEFENSE

Defendants assert that the Subcontract Agreement between LGS Group, LLC and Odyssey requires that any disputes between the parties be submitted first to mediation and then to arbitration. Accordingly, Defendants claim as a affirmative defense arbitration and award should Plaintiff have a valid Subcontract Agreement with LGS Group, LLC.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims, if any, may be barred by estoppel, laches, and/or waiver.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent discovery in this action will support any additional affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, Defendants asserts such defense and specifically allege those and any other matters constituting avoidance or affirmative defenses.

WHEREFORE, Defendants having fully answered Plaintiff's Complaint pray that Plaintiff's Complaint be dismissed and that Defendants be awarded attorneys fees and such other and further relief as the Court may be just and proper.

Dated the 17 day of April, 2008.

                                  ELZUFON AUSTIN REARDON TARLOV & MONDELL, P.A.

                                  JAMES F. KIPP, ESQUIRE [#190]
                                  Fox Run Business Park
                                  2500 Wrangle Hill Road, Suite 210
                                  Bear, DE 19701
                                  (302) 327-1100
                                  *Attorneys for Defendants*

*Of Counsel:*
H. Burt Ringwood, Esquire [#5787]
STRONG AND HANNI
3 Triad Center, Suite 500
Salt Lake City, Utah 84180
(801) 532-7080

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2008 a true and copy of Defendants' Answer was served via electronically upon the following:

Michael W. McDermott, Esquire
Michele Sherretta Budicak, Esquire
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE  19801

_____
JAMES F. KIPP, ESQUIRE

Dated:  April 17, 2008