IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>On behalf and for the benefit of,<br><br>LGS GROUP, LLC<br>t/a LGS GROUP – BALTIMORE FRAMING and<br>LGS GROUP – S. CHARLOTTE FRAMING,<br><br>    Plaintiff,<br>v.<br><br>SAFECO INSURANCE COMPANY,<br>and<br>ODYSSEY INTERNATIONAL, INC.,<br><br>    Defendants. | Case No. 08-165-UNA |

## MOTION OF DEFENDANTS ODYSSEY INTERNATIONAL, INC.

## AND SAFECO INSURANCE COMPANY TO CONSOLIDATE

Pursuant to Rule 42(a) of the FEDERAL RULES OF CIVIL PROCEDURE, Defendants Odyssey International, Inc. and Safeco Insurance Company of America (collectively "Odyssey"), hereby move to consolidate this action for all purposes with Case No. 08-017, *LGS Group, LLC vs. Odyssey International, Inc. and Safeco Insurance Company* filed in this Court. Case No. 08-017 is a virtually identical action brought in this Court by LGS Group, LLC an affiliate of LGS Group, LLC – Baltimore Framing and LGS Group – S. Charlotte Framing and involves the same prime contract. Odyssey's motion to consolidate is supported by the accompanying memorandum of points and authorities in support thereof.

Dated the __7th__ day of May, 2008.

                        ELZUFON AUSTIN REARDON TARLOV & MONDELL, P.A.

                        _____
                        JAMES F. KIPP, ESQUIRE [#190]
                        Fox Run Business Park
                        2500 Wrangle Hill Road, Suite 210
                        Bear, DE 19701
                        (302) 327-1100
                        *Attorneys for Defendants*

*Of Counsel:*
H. Burt Ringwood, Esquire [#5787]
STRONG AND HANNI
3 Triad Center, Suite 500
Salt Lake City, Utah 84180
(801) 532-7080

## CERTIFICATE OF SERVICE

I hereby certify that on May __7__, 2008 a true and complete copy of Motion of Defendants Odyssey International, Inc. and Safeco Insurance Company to Consolidate was electronically served upon the following:

        Michael W. McDermott
        Michele Sherretta Budicak
        The Brandywine Building, 17th Floor
        1000 West Street
        Wilmington, DE 19801

        Jessica A. duHoffmann
        MILES & STOCKBRIDGE, P.C.
        10 Light Street
        Baltimore, MD 21202

                                        _____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, On behalf and for the benefit of,<br><br>LGS GROUP, LLC<br>t/a LGS GROUP – BALTIMORE FRAMING and<br>LGS GROUP – S. CHARLOTTE FRAMING,<br><br>    Plaintiff,<br>v.<br><br>SAFECO INSURANCE COMPANY,<br>and<br>ODYSSEY INTERNATIONAL, INC.,<br><br>    Defendants. | Case No. 08-165-UNA |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF

## DEFENDANTS' MOTION TO CONSOLIDATE

Defendants Odyssey International, Inc. ("Odyssey") and Safeco Insurance Company of America ("Safeco") (collectively "Defendants"), by and through their counsel of record, hereby submit this Memorandum of Points and Authorities in Support of Defendants' Motion to Consolidate the *United States of America for the use and benefit of LGS Group, LLC vs. Odyssey International, Inc. and Safeco Insurance Company*, Civil Case No. 08-017.

### BACKGROUND

On or about January 9, 2008, LGS Group, LLC filed a Complaint in the United States District Court for the District of Delaware bringing a Miller Act claim against Odyssey and Safeco. The Complaint arises from a Subcontract Agreement entered into between Odyssey and

LGS Group dated December 4, 2006 in which Odyssey retained LGS Group to perform certain work on the C-17 Flight Simulator at Dover Air Force Base. Defendants filed an Answer to the Complaint and Odyssey alleged a counter claim against LGS Group arising from the Subcontract Agreement between Odyssey and LGS Group.

On or about March 24, 2008, LGS Group – Baltimore Framing and LGS Group – S. Charlotte Framing ("LGS Group Baltimore") filed a Complaint against Odyssey and Safeco also alleging a Miller Act claim. LGS Group Baltimore purported to be a subcontractor of LGS Group, LLC to perform some of the work on the C-17 Flight Simulator at Dover Air Force Base pursuant to the December 4, 2006 Subcontract Agreement. Clearly, the claims being made by LGS Group Baltimore in this action are included in the claims being made by LGS Group, LLC in Civil Case No. 08-017.

## ARGUMENT

1.   Rule 42(a) of the FEDERAL RULES OF CIVIL PROCEDURE permits a court to consolidate actions pending before it if those actions involve "a common question of law or fact." The standard "is an expansive one, allowing consolidation of the broad range of cases brought in federal court." 8 Moore's Federal Practice § 10[1][a], at 42-9 (3rd Ed 1998). District Courts have broad discretion to consolidate actions that satisfy this expansive standard if, under the circumstances such consolidation will serve the interests of justice. See e.g., *In re Air Crash Disaster at Stapleton International Airport*, 720 Fed. Sup. 1505, 1523 (D. Colo. 1989). Consolidation has been found to be appropriate in virtually every kind of action that can be brought in federal court, including Miller Act actions. See e.g., *State of Ohio Exrel Montgomery*

*v. Lewis Trauth Dairy, Inc.*, 163 FRD 500, 503 (S.D. Ohio 1995). Consolidation in unquestionably appropriate in this instance.

2. The instant actions involve "a common question of law or fact," and as such, satisfy the only requirement for consolidation under Rule 42(a). Although it is sufficient for purposes of Rule 42(a) if the actions involve only one common question of law or fact, however, the actions in this matter involve a multitude of common questions of both law and fact. Those common questions are not peripheral issues; they go to the very heart of the two actions.

3. The common questions of law and fact include, but certainly are not limited to, the following: (1) the relationship between LGS Group, LLC, Plaintiff in Civil Case No. 08-017 and LGS Group Baltimore, Plaintiff in this case; (2) the work performed under the December 4, 2006 Subcontract Agreement and the payments made relating thereto; (3) the proper approval of change orders under the December 4, 2006 Subcontract Agreement; (4) the cause and obligations for delay damages; (5) payments made by LGS Group, LLC to and for the benefit of its subcontractor LGS Group Baltimore; (6) whether Odyssey has paid to or for the benefit of LGS Group, LLC the full amount of the December 4, 2006 Subcontract Agreement; and (7) whether payments made to LGS Group Baltimore constitute payments to LGS Group, LLC under the December 4, 2006 Subcontract Agreement.

4. Indeed, claims being made by the two LGS Group, LLC entities against Odyssey are in many instances the same claim and are identical in factual issues. These factual issues overwhelm any minor issues that may not be common to both cases.

3

5.  This Court should exercise its discretion to consolidate these actions because such consolidation will serve the interests of justice. Among other things, consolidation will produce significant savings of time and resources for the Court and the parties. Moreover, it is more likely that settlement can be reached with all parties participating in settlement negotiations and/or court ordered mediation. In contrast, having virtually identical cases proceed in a parallel fashion would generate needless duplication of effort.

6.  Consolidation will achieve substantial efficiencies and savings without sacrificing fairness. Because little or no discovery has been done on the first case filed, Civil Case No. 08-017, the cases would be nearly at the exact same point in the pretrial process. As a result, consolidation will not cause the trial of one action to be delayed while discovery is completed in the other action.

## CONCLUSION

For the foregoing reasons, Defendants Odyssey and Safeco respectfully request that this Court consolidate this action for all purposes with *LGS Group, LLC v. Odyssey International, Inc. and Safeco Insurance Company of America*, Civil Case No. 08-017.

Dated the 7th day of May, 2008.

ELZUFON AUSTIN REARDON TARLOV & MONDELL, P.A.

JAMES F. KIPP, ESQUIRE [#190]
Fox Run Business Park
2500 Wrangle Hill Road, Suite 210
Bear, DE 19701
(302) 327-1100
*Attorneys for Defendants*

4

*Of Counsel:*
H. Burt Ringwood, Esquire [#5787]
STRONG AND HANNI
3 Triad Center, Suite 500
Salt Lake City, Utah 84180
(801) 532-7080

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2008 a true and complete copy of Memorandum of Points and Authorities in Support of Defendants' Motion to Consolidate was electronically served upon the following:

>   Michael W. McDermott
>   Michele Sherretta Budicak
>   The Brandywine Building, 17th Floor
>   1000 West Street
>   Wilmington, DE 19801
>
>   Jessica A. duHoffmann
>   MILES & STOCKBRIDGE, P.C.
>   10 Light Street
>   Baltimore, MD 21202

5